IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GERALD PATTERSON                                                              PLAINTIFF

v.                                      Civil No. 2:19-CV-02014

SHERIFF JIMMY STEVENS, CAPTAIN                                               DEFENDANTS
LISA HUDDLESTON (Jail Administrator),
LIEUTENANT RYAN JONES (Assistant Jail
Administrator), CAPTAIN KEN SMITH and
JOHN OR JANE DOE MEDICAL
PROVIDER

**OPINION AND ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on January 24, 2019. (ECF No. 1). He was granted *in forma pauperis* (IFP) status on January 31, 2019. (ECF No. 6). Plaintiff alleges his constitutional rights were violated by the denial of medical care and the conditions of confinement while incarcerated in the Johnson County Detention Center (JCDC) starting on September 1, 2017. (ECF No. 1 at 2, 5). Specifically, he alleges he is 63 years old and was in "good condition" upon entering JCDC but suffered from "advancing neuropathy." (*Id*. at 4, 5). He alleges that if his neuropathy had been treated he could live a normal life. He alleges he was denied "needed care due to budget constraints" and is now confined to a wheelchair. (*Id*.). Plaintiff alleges it is the policy of the facility to only provide access to a nurse who is available once a week. He alleges this nurse "does not have the capacity to diagnose advanced medical conditions. When he does it is often akin to

1

medical malpractice which I can prove." (*Id*. at 6). He further alleges he lost several teeth from scurvy due to the lack of fruits and vegetables at the facility. (*Id*. at 4, 7). He alleges he has been incarcerated for more than 16 months without seeing a judge[1] and was forced to lay on a mat on a concrete floor in an unheated cell for 12 hours a day. (*Id*. at 4).

Plaintiff proceeds against all Defendants in their official and personal capacity. (*Id*. at 5). He seeks compensatory and punitive damages. He alleges he made an annual income of $150,000 per year and estimates he could have worked for another ten years if he had not been incarcerated. He asks for $1.5 million dollars. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff

---

[1] A review of Plaintiff's Johnson County record indicates he appeared in court to enter a negotiated plea of guilty to a felony theft charge on August 31, 2017, in case number 36CR-17-85. On September 1, 2017, a new charge of felony theft was entered against him in case number 36CR-17-263. This case remains open. He was appointed a public defender in both cases. He was found unfit to stand trial in the second case on February 21, 2018, and committed to the custody of the Department of Health and Human Services. The Order finding him fit was filed on December 3, 2018. Record available in Arkansas Court Connect, last accessed March 30, 2019.

must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff fails to state any plausible claims against any of the named Defendants. Plaintiff's personal capacity claims against these Defendants are therefore subject to dismissal. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. *Martin*, 780 F.2d at 1337.

Defendants are listed in the caption of the case and in Plaintiff's claim for denial of medical care. (ECF No. 1 at 2-3, 5). They are not named for any of his other allegations. Plaintiff does not provide any specific factual allegations detailing how they were involved in, or responsible for, any purported violation of his constitutional rights. Plaintiff therefore fails to state any cognizable claims against the Defendants. To the extent Plaintiff named Defendants because they are in positions of authority in JCDC, he may not bring a claim solely on the theory of *respondeat superior*. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978) (A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability.).

Even if one were to assume *arguendo* their involvement in his denial of medical care claim, Plaintiff fails to state sufficient facts to support a cognizable denial of medical care claim. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). Thus, to prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

Plaintiff provides only conclusory statements that he was denied medical care for his "advancing neuropathy." Plaintiff alleges no facts concerning any of the following: where he received his diagnosis of neuropathy; what symptoms his neuropathy caused; what medical care or treatment was needed; whether he placed medical care requests for his condition using the proper jail procedure, and was denied; how the denial affected his symptoms; or, whether he suffered any injuries due to the alleged denial of care. Nor has he alleged he suffered any detrimental effects to his disease prognosis due to the alleged denial of medical care (other than to state he now uses a wheelchair). Finally, Plaintiff was not in the in the custody of Johnson County from February 2018 through December 2018. As noted above, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin*, 780 F.2d at 1337. Plaintiff has not. Accordingly, he fails to state any plausible personal capacity against the Defendants.

Plaintiff also fails to state any cognizable official capacity claims against Johnson County. His sole official capacity claim is that it was the policy of the county to employ a nurse whose lack of diagnostic skill amounted to medical malpractice. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citation omitted). Further, "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a

constitutional violation." *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992). Accordingly, Plaintiff fails to state any cognizable official capacity claims against Johnson County.

## IV.  CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 1st day of April 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE